**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-0461-WJM

VERONICA ELIAS,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER GRANTING PLAINTIFF'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**

On March 1, 2013, this Court entered an Order reversing the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Veronica Elias's application for supplemental security income, and remanding for further proceedings. (ECF No. 18.)

This matter is before the Court on Plaintiff's Application for Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "Motion"). (ECF No. 21.) Defendant has filed a Response to the Motion (ECF No. 23), and Plaintiff has filed a Reply (ECF No. 24). For the reasons set forth below, the Motion is GRANTED.

### I. LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") requires that a court "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position

of the United States was substantially justified . . . ."  28 U.S.C. § 2412(d)(1)(A).  "The Government bears the burden of showing that its position was substantially justified. . . . The test for substantial justification in this circuit is one of reasonableness in law and fact."  *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

## II.  ANALYSIS

The Court remanded this action to the Commissioner for further consideration because there was no substantial evidence in the record supporting the Administrative Law Judge's ("ALJ") conclusion that Plaintiff could perform "frequent" handwork, given the significant medical evidence of her diabetic neuropathy.  (ECF No. 18 at 7-10.)  The Court found that the ALJ had erred in finding that Plaintiff's ability to care for herself was significant evidence of her ability to be employed in a position that required frequent use of her hands.  (*Id*. at 9-10.)  The Court noted that the medical evidence showed that Plaintiff had more significant restrictions than the ALJ assigned for Plaintiff's residual functional capacity.  (*Id*.)  Most significantly, the Court found that there was no medical evidence supporting the ALJ's statement that Plaintiff's diabetic neuropathy was likely to improve with increased medication compliance and a change in diet.  (*Id*. at 8-10.)  Ultimately, the Court found that the ALJ had impermissibly substituted her suppositions about Plaintiff's condition for the actual medical evidence in the record, and that this legal error required remand.  (*Id*. at 10.)

In opposing the request for attorney's fees, the Commissioner has essentially repeated the same arguments made in the his Response Brief on the merits.  (*Compare* ECF No. 15 with ECF No. 23.)  The Commissioner points to evidence in the

record showing that Plaintiff has full range of motion in her hands, and argues that this supports the Commissioner's argument in favor of affirming the ALJ's decision. (ECF No. 23 at 4.) However, the Court addressed this evidence in the remand order, and finds it equally unpersuasive with regard to the instant Motion.

While the Court understands that, in some cases, the Commissioner's position could be substantially justified despite ultimately losing on the merits, the Commissioner has not shown that his position was substantially justified in this case. Given the combination of all of the bases for the Court's decision on the merits, the Court finds that Plaintiff is entitled to an award of attorney's fees under EAJA.

Plaintiff's Motion requests attorney's fees in the amount of $8,100.00 for 45 hours of work at $180.00 per hour. (ECF No. 21 at 4.) The Commissioner presents no specific argument challenging this hourly rate or the reasonableness of the amount of time purportedly spent by Plaintiff's counsel on the matter; the Commissioner argues only that his position on the merits was substantially justified. (ECF No. 23.) Because the Court has found that the Commissioner's position was not substantially justified, it finds that Plaintiff should be awarded the full amount of fees requested.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Application for an Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 (ECF No. 21) is GRANTED; and

2.  Defendant shall pay attorney's fees under the Equal Access to Justice Act in the amount of $8,100.00 made payable to Plaintiff and delivered to Plaintiff's attorney.[1]

Dated this 20th day of May, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge

---

[1] Plaintiff has included an affidavit with her Motion that assigns her rights to any attorney's fees to her attorney, Ms. Rogacki. (ECF No. 21-1.) Despite this, the Court declines to order that the awarded fees be paid directly to Ms. Rogacki, as the EAJA makes it clear that attorney's fees will be paid only to the "prevailing party." *Manning v. Astrue*, 510 F.3d 1246, 1249-50 (10th Cir. 2007); *see also Butts v. Colvin*, 2013 WL 6024424, at *4 n.6 (D. Colo. Nov. 13, 2013) (declining to assign EAJA attorney's fees to Plaintiff's counsel).